# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

HEIDI CARROLL,

    Plaintiff,

v.

    Civil Action No.: 2:16-cv-09310
    (formerly Case No. 14-C-1436 in
    the Circuit Court of Kanawha
    County)

USAA SAVINGS BANK,

    Defendant.

## NOTICE OF REMOVAL

Defendant USAA Savings Bank ("USAA SB") hereby respectfully gives notice, pursuant to 28 U.S.C. § 1446, of the removal to this Court of the action commenced against it in the Circuit Court of Kanawha County, West Virginia and identified below. USAA SB denies the allegations contained in the Second Amended Complaint and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court. USAA SB expressly reserves all rights to raise and assert all defenses and objections to Plaintiff's claims upon the removal of this action. In support of this Notice of Removal, USAA SB shows the following:

## STATEMENT OF COMMENCEMENT OF THE ACTION

Plaintiff Heidi Carroll ("Plaintiff") commenced this lawsuit in the Circuit Court of Kanawha County, West Virginia, Civil Action No. 14-C-1436 ("State Court Action") on or about August 12, 2014.[1] After previously filing a First Amended Complaint, on February 24,

---

[1] While USAA SB recognizes that it has been more than one year since commencement of this action, the requirement that a case be removed within one year after commencement is not applicable here, as USAA SB seeks to remove this action based on 28 U.S.C. § 1331, federal question jurisdiction, rather than 28 U.S.C. §

2016, Plaintiff filed a Motion for Entry of an Agreed Order Allowing Plaintiff Leave to Amend the Complaint ("Motion to Amend"). On August 22, 2016, Plaintiff filed a *Motion to Approve Order Denying Defendants Motion for Summary Judgment and Granting Plaintiffs Second Motion to Amend*. Thereafter, on September 9, 2016, leave was granted for Plaintiff to file and serve the Second Amended Complaint. The Second Amended Complaint was served on USAA SB by mail on September 19, 2016. USAA SB has not yet filed or served an Answer or otherwise responded to the Second Amended Complaint.

In the Second Amended Complaint, Plaintiff asserts six (6) causes of action. (*See generally* Second Am. Compl.). The causes of action are (1) Violations of the West Virginia Consumer Credit and Protection Act; (2) Common Law Negligence; (3) Intentional Infliction of Emotional Distress; (4) Common Law Invasion of Privacy; (5) Violation of the West Virginia Computer Crimes and Abuse Act; and (6) Violations of the Telephone Consumer Protection Act. (*See* Second Am. Compl. Counts I, II, III, IV, V, and VI). Plaintiff's claims are based on USAA SB's allegedly wrongful debt collection efforts, particularly the alleged use of telephone calls in such debt collection. (*Id.*)

## TIMELINESS OF REMOVAL

The removal period commences upon receipt of formal service of process, and "not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999). Additionally, if a matter is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which

---

1332, diversity jurisdiction. The one-year limit applies only when removal is based on 28 U.S.C. § 1332. 28 U.S.C. § 1446(c)(1).

is or has become removable." 28 U.S.C. § 1446(b)(3). USAA SB was served with the Second Amended Complaint on September 22, 2016, which contained a cause of action under the Telephone Consumer Protection Act ("TCPA"), which cause of action was not included in the Complaint or First Amended Complaint. Thus, this Notice of Removal is filed within thirty (30) days of service and is timely pursuant to 28 U.S.C. § 1446(b)(3).

## PLEADINGS AND NOTICE TO STATE COURT

Pursuant to 28 U.S.C. § 1446(a), copies of pleadings and other relevant documents on file with the Circuit Court of Kanawha County, West Virginia, are attached hereto as Exhibit A. Additionally, the Docket Sheet from the State Court Action is attached hereto as Exhibit B. In accordance with 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice, USAA SB has given written notice to the Plaintiff and the Circuit Court of Kanawha County, West Virginia of the removal.

## STATEMENT OF STATUTORY BASIS FOR JURISDICTION – FEDERAL QUESTION

This action is now within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331 as a result of the new claim for violations of the Telephone Consumer Protection Act ("TCPA") contained in the Second Amended Complaint which was not included in the Original Complaint or the First Amended Complaint. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The United States District Court for the Southern District of West Virginia, Charleston is the "district and division" for actions removed from the Circuit Court of Kanawha County, West Virginia, pursuant to 28 U.S.C. § 129(b).

3

Further, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. As set forth below, Plaintiff asserts a cause of action arising under a federal statute creating federal question jurisdiction in this case. The remainder of Plaintiff's claims arise from the same case and controversy as her federal claim, and, therefore, the Court should exercise its supplemental jurisdiction over those claims.

Claims based on alleged TCPA violations are a recognized ground for removal. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745, (2012) ("We hold, therefore, that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA."); *Bailey v. SLM Corp.*, No. 5:11-CV-00715, 2012 WL 1598059, at *5 (S.D.W. Va. May 7, 2012) ("Defendants' removal is proper, in its invocation of federal question jurisdiction, pursuant to 28 USC § 1331, over Plaintiff's TCPA clam.").

Plaintiff asserts that USAA SB violated the TCPA by using "a predictive or otherwise automated dialer system to call the Plaintiff", which resulted in "calls being placed by the Defendant to the Plaintiff's cell phone" and "Plaintiff never consented to the Defendant calling the Plaintiff's cell phone" and/or "Plaintiff removed any consent that may have existed to call the Plaintiff's cell phone by telling the Defendant to stop calling her and direct all calls to her attorney". (Compl. ¶¶ 2-5 (sic)). Accordingly, removal based on federal question jurisdiction is proper based on Plaintiff's assertion of a TCPA claim.

Moreover, Plaintiff's remaining claims all arise from the same alleged conduct as Plaintiff's TCPA claim. Specifically, each state law claim arises from USAA SB's alleged

wrongful debt collection practices through telephone calls and written communications to the Plaintiff, including the allegation of purported collection calls placed after notice of attorney representation. (Compl. ¶¶ 5, 7). Because Plaintiff's state law claims arise from the same case and controversy as her TCPA claim, the Court has supplemental jurisdiction over them. 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts *shall* have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution" (emphasis added)); *see also Bailey*, 2012 WL 1598059, at *5 ("Additionally, this Court also finds that it has supplemental jurisdiction over the remainder of Plaintiff's state claims, pursuant to 28 U.S.C. § 1367(a)."); *Office Parks of Lynchburg, LLC v. Wells Fargo Banks, N.A.*, No. 6:12-CV-00034, 2012 WL 4325567, at *2 (W.D. Va. Sept. 20, 2012) (exercising supplemental jurisdiction over state law claims including a claim of fraud and a claim challenging defendant's interest in the property where the claims "stem[] from the same set of facts and circumstances (the 2007 Loan) as its federal law claims."). Therefore, removal of this case is proper because the Court has jurisdiction over all of Plaintiff's claims pursuant to its federal question jurisdiction and supplemental jurisdiction.

## VENUE

Under 28 U.S.C. § 1441(a), venue for Plaintiff's State Court Civil Action is proper in this Court, which is the district embracing the place where the state action is pending.

5

## PRAYER FOR RELIEF

WHEREFORE, Defendant USAA Savings Bank respectfully requests that this Court assume jurisdiction over this matter and allow USAA FSB such other and further relief as this Court deems just and proper.

USAA SAVINGS BANK

By: /s/ Randall L. Saunders
Of Counsel

Randall L. Saunders (WV Bar No. 10162)
Kendra L. Huff (WV Bar No. 12459)
**NELSON MULLINS RILEY SCARBOROUGH LLP**
949 Third Avenue, Suite 200
P.O. Box 1856
Huntington, West Virginia 25701
(304) 526-3500 – Telephone
(304) 526-3599 – Facsimile

*Counsel for Defendant, USAA Savings Bank*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

HEIDI CARROLL,

    Plaintiff,

v.                                                                     Civil Action No.:
                                                                   (formerly Case No. 14-C-1436 in
                                                                   the Circuit Court of Kanawha
                                                                   County)

USAA SAVINGS BANK,

    Defendant.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing *"Notice of Removal"* was served upon the following individuals on the 3rd day of October, 2016, by mailing a true copy thereof by regular manner in the United States mail, postage prepaid, at Huntington, West Virginia, to:

        Benjamin Sheridan, Esq.
        Daniel K. Armstrong, Esq.
        Klein & Sheridan, LC
        3566 Teays Valley Road
        Hurricane, WV 25526
        *Counsel for Plaintiff*

                                                          /s/ Randall L. Saunders